8 June 2015

Hon. Keith E Hottle
Clerk of Court
300 Dolorosa, Suite 3200
San Anto, Tx 78205-3037

"No Quarrel with C.C.A."

RE: Court of Appeals No 04-14-00555-CR
Trial Court Case No 307125

Robert Martinez
TDCJ ID No 1931397
Lopez State Jail
1203 El Cibolo Rd
Edinburg, Tx 78542

2015 JUN 12 AM 11:53

KEITH E. HOTTLE

IN THE COURT OF APPEALS AT SAN ANTONIO

VIA U.S. MAIL

Greetings Honorable Clerk

Pursuant to the Texas Rule of Appellate Procedure 12.6 I Am requesting that I be provided with all Notices of any judgment, mandate, and all other court order(s).

Honorable Clerk, Mr Hottle, upon expection of my records And a recent purchased case page. then it becomes clear I Never received the following paper(s).

① ORDER DATED 9-9-14
② ORDER DATED 1-15-15
③ ORDER DATED 3-4-15
④ ORDER DATEP 3-11-15
⑤ ORDER DATED 4-21-15

Additionally I have not been provided with

① MT EXT BRIEF DISP        DATED 3-11-15

② MT EXT BRIEF FLD        DATED 4-20-15

③ MT EXT BRIEF DISP        DATED 4-21-15

Page 1

These papers are necessary for my reviewal. Notice that some of the requested papers I was not represented by appointed counsel, therefore I was a Pro Se litigant and should have been afforded these papers.

LET This Serve as Notice that entered information on 4th Court of Appeals - Docket sheet - case page is incorrect. And must be corrected

Appointed attorney Edward F. Shaughnessy III listed date on has a incorrect date of 1-12-2015. The correct date on date is 11-21-2014. Enclosed please find Bexar County Criminal Justice Information System, Event Log Display dated 02-27-2015. Reviewal of Line 058 and Line 059 will clearly show where indeed Mr. Shaughnessy III was Court Order No. 18134500 (computer Number system) will provide the necessary verification. This error must be corrected because this case will continue in the courts and this error will be presented. (See exhibit A Event Log Display - D page) I have highlighted area's aforementioned. I am requesting that once the error is corrected that I be given Notice and provided with a updated, corrected 4th Court of Appeals Docket-sheet(s), case page. with correct on date of 11-21-2014. for E Shaughnessy III, appointed counsel date.

My case is under appeal a ORDER was entered on 1-15-2015... the case page states in part ..."We reinstate this appeal on this court's docket appellant's brief is due 2-16-15" Honorable clerk I attest I never received a copy of this very important order. I will continue to rely on Rule 12.6 of the Texas Rule of Appellate Procedure and humbly request a copy be forwarded without delay.

Pursuant to 12.4 of the Texas Rule of Appellate Procedure I am requesting to withdraw the record. Notice on Feb 4, 2014 I requested from the Honorable Jason Pulliman, if the reason he would not issue writ was due that my writ was frivolous on prima facia value Honorable Mr. Pulliman advised me he knew what prima facia meant and that was not the reason he would not issue the writ. Judge Pulliman advised me the reason he would not issue the writ was because his court did not hold jurisdiction. (See Reporter's Record Feb 4, 2014)

I am requesting the record so that the record is corrected and made available accurately to the appeals court.

On May 27, 2015 I received from Bexar County Clerk's office by Lucy Rigby, Court Services Supervisor. Ms. Rigby advises me to wit ..." We do not have record of a Fourth

Amended Application for Habeas Corpus filed in our office (See exhibit B Gerard Rickhoff, County Clerk's letter dated May 27, 2015).

I filed my Writ of Habeas Corpus pursuant to Art. 11.072 because I believe I Am entilled to the relief I seek. I Am a United Citizen of indigent status. I Am not a lawyer or ever formaly trained in law and filed my writ with it's Amendments in part because of the repeated Access to Court violations and the Grossly inadequate law library and the meaningless law library access. Therefore I filed my writs on seperate dates.

① Original Writ of Habeas --- Dec. 19, 2013

② First Amended Writ ... Feb 7, 2014

③ Second Amended Writ... June 24, 2014

④ Third Amende writ... Dec 27, 2014

⑤ Fourth Amended writ.... Jan 24, 2015

Pursuant to Texas Criminal Procedure Code and Rules 9.2 Filing Rules of Appellate Procedures 9.21 (B) and 9.22 (c). I placed in the internal prison mailing

Page 4

system the above aforementioned. Such were placed in an envelope and or wrapper properly addressed and first class postage pre paid and deposited w the mail.

Yet, my point is that exhibit A will show arbitrary and ~~capricious~~ capricious legal filing by the County Clerk's office for Bexar County. Line 005 will show where operator 33797 entered Orginal Writ on date 10-13-2014 over (10) ten months. Note then my First Amended filed and entered 11-17-2014 when I placed in the U.S. internal prison mailing system on Feb 7, 2014 (9) nine months ~~prior to~~ after the filing. My Second Amended was mailed for filing on or about June 24, 2014 as was entered on Line 20 6-24-2014. (see exhibit A.)

Notice my Third Amended Application Line 078 of (see exhibit A.) which was entered 5-27-2015. Five months after I mailed for filing

As noted in the Clerk's Letter dated May 27, 15 the clerk's office cannot locate. my fourth Amended Application (See exhibit B)

Page 5

The fact my papers have been filed and entered, presented to the courts incorrectly, a due process violation, the missing documents continues to prejudice my case and legal position. The Honorable J County Court has ruled on my Amended writs out of the order I presented them for filing and importantly did not give me notice such had been ruled on.

The second Amended Application date 6.24.2014 Line 020 is assigned a writ number 2565 - when the orginal writ number Line 005 has writ number 2542... my first and third are not assigned writ numbers.

Importantly my case has been certified for this 4th Court of Appeals when it is clear documents are missing therefor the Hon. 4th Court of Appeals has or is reviewing a incorrect, defective Certified file... simply by my Fourth Amend. missing... with the clear shown arbitrary

filing and missing paper should satisfy my request for a copy of the file. so errors can be corrected.

At this writing I have never been contacted by either. E. Shaughnessy III esq., and or Patrick Montegomer my appointed writ counsels. In direct violation of the Standards for Appellate conduct.

" Lawyers are an indispensable part of the pursuit of justice. They are officers of courts charged with safeguarding, interpreting, and applying the law through which justice is achieved. Appellate courts rely on counsel to present opposing views of how the law should be applied to facts established in other proceedings. The appellate lawyer's role is to present the law controlling the disposition of a case in a manner that clearly reveals the legal issues raised by the record while persuading the court that an interpretation ~~the~~ or application favored by the lawyer's clients is in the best interest of the administration of equal justice under law.

The duties lawyer owe to the justice system, other officers of the court, and lawyers' clients are generally well-defined and understood by the appellate bar.

Problems that arise when duties conflict can be resolved through understanding the nature and extent of a lawyer's respective duties, avoiding the tendency to emphasize a particular duty at the expense of others, and detached common sense. To that end, the following standards of conduct for appellate lawyers are set forth by reference to the duties owed by every appellate practitioner.

Use of these standards for appellate conduct as a basis for motions for sanctions, civil liability or litigation would be contrary to their intended purpose and shall not be permitted. Nothing in these standards alters existing standards of conduct under the Texas Disciplinary Rules of Professional Conduct, the Texas Rules of Disciplinary Procedure or the Code of Judicial Conduct.

## LAWYERS' DUTIES TO CLIENTS

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by a real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest. The lawyer's duty to a client does not militate against the concurrent obligation to treat with consideration all persons involved in the legal

process and to avoid the infliction of harm on the appellate process, the courts, and the law itself.

1. Counsel will advise their clients of the contents of these standards of Conduct when undertaking representation.

5. Counsel will explain the appellate process to their clients. ...

7. Negative opinions of the court or opposing counsel shall not be expressed unless relevant to a client's decision process.

8. Counsel will keep clients informed and involved in decisions and will promptly respond to inquires.

9. Counsel will advise their clients of proper behavior, including that civility and courtesy are expected.

12. Counsel will advise clients that an appeal should only be pursued in a good faith belief that the trial court has committed error or that there is a reasonable basis for the extension, modification, or reversal of existing law, or that an appeal is otherwise warranted.

13. Counsel will advise clients that they will not take frivolous positions in an appellate court, explaining the penalties associated therewith. Appointed appellate counsel in criminal cases shall be deemed to have complied with this standard of conduct if they comply with the requirements imposed an imposed an appointed counsel by courts and statutes.

I Robert Martinez, hereinafter "Appellant". I am certain that an appellant is not entitled to hybrid representation on appeal. Rudd V State, 616 S.W.2d 623, 625 (Tex. Crim App [Panel Op.] 1981].

On Dec. 18, 2014, A hearing was held in County Court at Law No. 5 Honorable J. Pulliman, was ordered by this Honorable 4th Court of Appeals to adminsh appellant on the advantages and disadvantages of self representation and other court orders. Appellant was kicked-out of the court room for not following Courts decorum. Appellant immediately mailed for filing an apology letter motion to the courts. Notice I have never been advised of court rules. or Counsel has failed to advise (me) their clients of proper behavior, including that civility and courtesy are expected or any contact with appellant

Appellant has No Quarrel with the Mighty Court of Criminal Appeals or it's ruling on hybrid representation.

Appellant believes ...."if problems with counsel arise it is encumbent upon the appellant to inform the court in a timely manner. Hubbard V. State, 739 S.W. 2d 341, 344 (Tex. Crim App. 1987). albeit that the laws that govern on the subject of pro se representation on appeal state that "hybird representation" is impermissible. See Patrick V State

Page 10

906 S.W. 2d 481 (Tex. Cr. App. 1995) and Ex Parte Taylor, 36 S.W. 3d 883 (Tex. Crim App. 2001), still: appellant is asserting his reliance on his right to be heard as provided by Constitutional law and statutory law. See: Simpson v. State, 148 S.W. 2d 852, 141, Tex. Crim. 324 and Carelile v. State, 451 S.W. 2d 511, and their progeny

> "accused's right to be heard by himself, or by counsel, or both, is right of which accused can under no circumstances be deprived. Vernun's Ann. St. Const art 1 sec. 10."
> accord: Carilile v. State, 451 S.W. 2d 511.

Appellant avers that he is an indigent prisoner in the Texas Prison System in a lock-down cellblock; he further avers that his court appointed counsels refuse to communicate with him, in respect to his case on appeal, and that thus appellant is forced to invoke the protection of this court, requesting to be permitted to file motions and papers that are pertinited and necessary to success of this appeal, and which court appointed counsels, for not just cause, will not bring to the attention of this court. Appellant has made it clear that their exist missing records, administrative mistakes, Fundamental Constitutional error, Due Process Violations, Serious Fair and equal access to the Courts, the clerk's arbitrary and capricious filing, Meaningless law library Access, Violations

statues, Ineffective assistance of counsel, but not limited to.

The Mighty "Court of Criminal Appeals has held, "[I]f a misdemeanor judgment is void, and its existence may have detrimental collateral consequences in some future proceedings it may be collaterally attacked, whether or not a term of probation was successfully served out" Tatum V. State, 846 S.W.2d 324, 327 (Tex. Crim App 1993).

Appellant request this court take judicial Notice of collaterall case No 2013-CR-6698, and 186th Judicial District, Bexar County and County Court at Law No 5 Case No 587693 (Notice I enclosed as an exhibit C Admonition....) Certified and County Court at Law No 5 case No. 319377

Appellant prays these thing. Bring this request to the attention of the Courts.

Respectfully submitted
InHoc,

① "Confinement" may be established in either an article 11.07 or an Article 11.09 writ application by showing collateral consequences resulting from the conviction Compare. Tatum V State. 846 S.W.2d 324, 327 (Tex. Crim. App 1993) with Tex. Code Crim Proc. Ann art 11.07 § 3 (c) (Vernon 2005); see, also Tex. Code Crim Proc Ann art 11.09 (Vernon 2005).

Page 12

# UNSWORN Declaration by Inmate

I Robert Martinez, TDCJ ID No 1931397, being presently incarcerated in the Texas Dept. of Criminal Justice, Lopez State Jail, Hidalgo County, Texas, declared under penalty of perjury that the above and foregoing is true and correct to the best of my ability

8 June 2015

```
***** Bexar County Criminal Justice Information System *****
                    - Event Log Display -
JN: 0170149    Juris Court: CR5    Case Nbr: 307125      R S  DOB        Loc
SID: 0327074  Suff: 01  Name: MARTINEZ, ROBERT JR        L M  19640312   TDC
        Code   Date   Description      Qualifier     CNC Date   Term Oper
001 - 0000 03211986                                   1 12182014 A1BA 19313
002 - 1015 10052007 FILE RECD IN COURTARCHIVES         1 10052007 CC7F 30818
003 - 4346 09292010 CC FILE MICROFILMDROLL #746        1 09292010 NATU PCSAR
004 - 4347 09292010 CC FILE IMAGED                     1 09292010 NATU PCSAR
005 - 4200 12192013 APPLICATION FOR   WRIT OF HABEAS    1 10132014 CC02 33797
006 - 4200 12192013 CORPUS FILED      WRIT 2542        1 10132014 CC02 33797
007 - 4200 02042014 COURT CONDUCTED HABEAS PROCEEDING AND 1 04152014 KM41 15330
008 - 4200 02042014 DETERMINED THAT DEFENDANT/APPLICANT  1 04152014 KM41 15330
009 - 4200 02042014 IS NOT BEING HELD FOR ANY OFFENSE THAT1 04152014 KM41 15330
010 - 4200 02042014 WOULD ALLOW FOR HABEAS RELIEF IN CC 5 1 04152014 KM41 15330
011 - 4200 02042014 APPLICANT WAS RETURNED TO BEXAR COUNTY1 04152014 KM41 15330
012 - 4200 02042014 JAIL. FURTHER PROCEEDINGS REGARDING  1 04152014 KM41 15330
013 - 4200 02042014 THE HABEAS ISSUE  MAY BE HAD W/COURT  1 04152014 KM41 15330
014 - 4200 02042014 OF COMPETENT JURISDICTION FOR WHICH   1 04152014 KM41 15330
015 - 4200 02042014 APPLICANT IS BEING HELD              1 04152014 KM41 15330
016 - 0191 04152014 CASE RE-OPENED                      1 04152014 KM41 15330
017 - 0199 04152014 CASE CLOSED                         1 04152014 KM41 15330
018 - 0197 04152014 *** JN CLOSED ***                   1 04152014 KM41 15330
019 - 0191 06242014 CASE RE-OPENED                      1 06242014 CCBE 36762
020 - 4200 06242014 SECOND AMENDED    APPLICATION FOR    1 06242014 CCBE 36762
021 - 4200 06242014 WRIT OF HABEAS    CORPUS PURSUANT    1 06242014 CCBE 36762
022 - 4200 06242014 TO ARTICLE 11.072 OF THE TEXAS CODE OF1 06242014 CCBE 36762
023 - 4200 06242014 CRIMINAL PROCEDUREWRIT CAUSE 2565    1 06242014 CCBE 36762
024 - 4200 07082014 WRIT CASE 2565-ORDDENIED ON WRIT OF  1 07082014 KM41 15330
025 - 4200 07082014 HABEAS CORPUS                       1 07082014 KM41 15330
026 - 0199 07082014 CASE CLOSED                         1 07082014 KM41 15330
027 - 4200 08052014 NOTICE OF APPEAL  DENYING THE ISSUE  1 08062014 KMC5 35618
028 - 4200 08052014 WRIT PURSUANT     .....DENIED        1 08062014 KMC5 35618
029 - 4200 08292014 WRIT-2542 SENT TO 4TH CT OF APPEALS.IS1 09222014 CCB6 18455
030 - 4200 09222014 DEF LETTER FILED                    1 09222014 KMC5 35618
031 - 4200 09222014 REQUEST FOR FINDING OF FACT &        1 09222014 KMC5 35618
032 - 4200 09222014 CONCLUSIONS OF    LAW-REPEATED REQUEST1 09222014 KMC5 35618
033 - 4200 09302014 FINDINGS OF FACT  AND CONCLUSIONS OF  1 09302014 KMC5 35618
034 - 4200 09302014 LAW                                 1 09302014 KMC5 35618
035 - 4200 10012014 PETITION FOR WRIT OF MANDAMUS        1 10012014 KMC5 35618
036 - 4200 10012014 APPLICATION FOR   LEAVE TO FILE WRIT  1 10012014 KMC5 35618
037 - 4200 10012014 OF MANDAMUS                         1 10012014 KMC5 35618
038 - 4200 10012014 UNSWORN DECLARATION BY INMATE        1 10012014 KMC5 35618
039 - 0540 10022014 OPINION RECEIVED                    1 10022014 CCBB 35618
040 - 0527 10022014 SUPPL SENT 4TH CT                   1 10022014 CC6M 31573
041 - 4200 10162014 5TH RQST DESIGNATION OF MATTERS TO BE 1 10162014 KMC5 35618
042 - 4200 10162014 INCLUDED W/ THE CLERKS RECORD ON     1 10162014 KMC5 35618
043 - 4200 10162014 APPEAL                              1 10162014 KMC5 35618
044 - 4200 10162014 5TH RQST OR       PREPARATION OF     1 10162014 KMC5 35618
045 - 4200 10162014 REPORTERS RECORD  AND DESIGNATION    1 10162014 KMC5 35618
046 - 4200 10162014 OF MATTERS TO BE  INCLUDED           1 10162014 KMC5 35618
047 - 4200 10162014 UNSWORN DECLORATION BY INMATE        1 10162014 KMC5 35618
048 - 4200 10242014 DEF LETTER        REQUESTING COPIES  1 10272014 KMC5 35618
049 - 4200 11132014 APELLANTS RQST FORA THOROUGH SEARCH   1 11132014 KMC5 35618
050 - 4200 11132014 OF HIS LEGAL PAPERS FILED BOTH IN    1 11132014 KMC5 35618
051 - 4200 11132014 4TH COURT OF      APPEALS AND BEXAR   1 11132014 KMC5 35618
052 - 4200 11132014 COUNTY CLERKS     OFFICES            1 11132014 KMC5 35618
053 - 4200 11172014 DEF LETTER FILED- FIRST AMENDED APP.  1 11172014 KMC5 35618
054 - 4200 11172014 FOR WRIT OF HABEASCORPUS PURSUANT TO  1 11172014 KMC5 35618
055 - 4200 11172014 ART 11.072 OF THE TCCP              1 11172014 KMC5 35618
056 - 4200 11172014 PROSE AFFIRMATIVE WRITTEN OBJECTION   1 11172014 KMC5 35618
057 - 4200 11172014 ENTERD CLERKS     RECORDS 8-29-14     1 11172014 KMC5 35618
```

Exhibit A

```
058 - 2502 11212014 DEF ATTORNEY APP  18134500       1 11212014 CT03 10001
059 - 4302 11212014 ATTORNEY APPOINTEDV000P0000       1 11212014 CT03 10001
060 - 0191 11212014 CASE RE-OPENED                    1 11212014 KMN6 18455
061 - 1203 12052014 REMAND WITHOUT BND                1 12052014 KMNC 18455
062 - 1301 12052014 WARRANT ISSUED     0000000        1 12052014 KMNC 18455
063 - 0816 12052014 BENCH WARRANT                     1 12052014 KMNC 18455
064 - 1302 12052014 WARRANT RECEIVED   1509591        1 12052014 KMNC 18455
065 - 2021 12082014 HEARING DATE SET                  1 11212014 CY05 10001
066 - 1312 12172014 WARRANT RECALLED   1509591        1 12172014 KM41 15330
067 - 0905 12172014 REQUEST OF COURT                  1 12172014 KM41 15330
068 - 1301 12172014 WARRANT ISSUED     0000000        1 12172014 KM41 15330
069 - 0816 12172014 BENCH WARRANT                     1 12172014 KM41 15330
070 - 1302 12172014 WARRANT RECEIVED   1510672        1 12172014 KM41 15330
071 - 1321 12172014 WARRANT RETURNED   1509591        1 12172014 SHBG 14894
072 - 1101 12182014 BOOKED             B20145791001   1 12182014 A1BA 19313
073 - 1311 12182014 WARRANT EXECUTED   1510672        1 12182014 A1BA 19313
074 - 6402 12182014 Offender record sent to VINE01701490011 12182014 NATU 19313
075 - 6403 12182014 Charge record sentto VINE   01701490011 12182014 NATU 19313
076 - 2022 12192014 HEARING DATE RESET                1 12052014 CY05 10001
077 - 1321 12192014 WARRANT RETURNED   1510672        1 12192014 SDNR 33368
078 - 4200 12292014 THIRD AMENDED      APPLICATION FOR 1 05272015 CC02 33797
079 - 4200 12292014 WRIT OF HABEAS     CORPUS  WRIT 2542 1 05272015 CC02 33797
080 - 4200 01082015 FINDINGS OF FACT   AND CONCLUSIONS OF 1 01082015 KM41 15330
081 - 4200 01082015 LAW                               1 01082015 KM41 15330
082 - 4200 01212015 MT WITHDRAW AS CNSL FILED         1 01212015 KM41 15330
083 - 2502 01262015 DEF ATTORNEY APP   24011732       1 01262015 CY05 10001
084 - 4302 01262015 ATTORNEY APPOINTEDV000P0000       1 01262015 CY05 10001
085 - 2502 01262015 DEF ATTORNEY APP   14295350       1 01262015 CY05 10001
086 - 4302 01262015 ATTORNEY APPOINTEDV000P0000       1 01262015 CY05 10001
087 - 4200 01272015 ORD OF THE TRIAL   CT ON MT WITHDRAW AS1 01272015 KM41 15330
088 - 4200 01272015 CNSL GRANTED                      1 01272015 KM41 15330
089 - 0217 01292015 TRANSFERRED TO TDC                1 01292015 SHDZ 18433
090 - 1110 01292015 RELEASED FROM JAIL                1 01292015 A1B4 37277
091 - 6402 01292015 Offender record sent to VINE01701490011 01292015 NATU 19313
092 - 4200 02022015 NOTICE FOURTH      COURT OF APPEALS 1 02022015 KMC5 35618
093 - 4200 03232015 COPY OF NOT OF APPFILED BY DEF-SPOKE 1 03242015 KM41 15330
094 - 4200 03232015 W/CARMEN DEF CAN'TAPPEAL ORDER FROM 1 03242015 KM41 15330
095 - 4200 03232015 4TH CT OF APPEALS                 1 03242015 KM41 15330
096 - 4200 05262015 DEF LETTER         REQUESTING COPIES 1 05272015 CC02 33797
                    ***** End of List *****
```

# Gerard Rickhoff



COUNTY CLERK      BEXAR COUNTY

BEXAR COUNTY COURTHOUSE
100 DOLOROSA, SUITE 104
SAN ANTONIO, TEXAS 78205

May 27, 2015

Robert Martinez
TDCJ ID NO# 1931397
Lopez State Jail
1203 El Cibolo Rd
Edinburg, TX  78542

Dear Mr. Martinez:

Enclosed please find the certified copies that you requested:

   2 certified copies of Writ of Habeas Corpus 307125
   2 certified copies of the First Amended Writ of Habeas Corpus 307125
   2 certified copies of the Second Amended  Writ of Habeas Corpus 307125

As you requested, I have searched our records for the Fourth Amended Application for Habeas Corpus. We do not have record of a Fourth Amended Application for Habeas Corpus filed in our office.

Sincerely,

GERARD RICKHOFF
BEXAR COUNTY CLERK

BY _____
Lucy Rigby
Courts Services Supervisor

Envelope 1

Exhibit C

CAUSE NO. 587693

THE STATE OF TEXAS
VS.
Robert Martinez, Jr

IN THE COUNTY COURT
AT LAW # 5
BEXAR COUNTY, TEXAS

### DEFENDANT'S WAIVER OF CONSTITUTIONAL RIGHTS
### AND COURT'S ADMONITIONS

I, Robert Martinez, Jr, THE DEFENDANT, BEING PRESENT IN COURT IN PERSON, HEREBY WAIVE THE READING OF THE INFORMATION IN THE ABOVE NUMBERED AND STYLED CASE.

I UNDERSTAND THAT I AM CHARGED WITH THE OFFENSE OF:
DWI - 1st.

I HEREBY ENTER A PLEA OF ~~Guilty~~ No Contest TO THIS CHARGE. I AM INFORMED BY THE COURT AS FOLLOWS:

1. I understand the range of punishment for this offense is: 6 days - 6 mos jail and/or #0 - #2000 fine;

2. I understand my right to a jury trial, cross-examination of witnesses and right to remain silent. I freely and voluntarily give up (waive) those rights;

3. I am now mentally competent. My plea is entered without any consideration of fear. I have not been threatened into making my plea. I have not been coerced into making my plea; it is freely and voluntarily made;

4. I am entering a plea of GUILTY to this charge because I am guilty and for no other reason;

5. If my plea is one of NOLO CONTENDERE, it is because I have considered all aspects of my legal situation and discussed them with my attorney and have determined that the entry of such plea is in my own best interest;

6. The punishment recommendation of the prosecuting attorney is not binding on the Court. The Court may accept or reject any plea agreement made between you and the State. If the Court rejects the plea agreement, you shall be permitted to withdraw your plea and no statement received during such plea hearing may be admitted against you on the issue of guilt or punishment in any subsequent criminal proceeding;

7. If the punishment assessed by the trial Court does not exceed the plea bargain, the trial Court must give permission to you in order to appeal any non-jurisdictional defect or error that occurred prior to the entry of the plea, unless the appeal relates to matters raised by written motions filed by you prior to trial and ruled upon by the Court;

8. If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law;

9.  If an application for deferred adjudication is granted, upon revocation, if any, you may be arrested and detained.  You will be entitled to a hearing limited to the determination by the Court of whether it proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this determination.  After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred;

I HAVE READ OR HAVE HAD READ TO ME THE ADMONITIONS AND STATEMENTS CONTAINED IN THIS DOCUMENT AND AM AWARE OF THE CONSEQUENCES OF MY PLEA OF GUILTY/NOLO CONTENDERE;

DATE: June 23, 1995  DEFENDANT'S SIGNATURE: _____

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

"I have been advised this _____ day of _____, 19___, by the County Court at Law #_____ of my right to counsel in the trial of the charge pending against me.  I have been further advised that if I am financially unable to employ counsel, one will be appointed for me free of charge.  Understanding this, I wish to waive that right and request the Court to proceed with my case without an attorney being appointed for me.  I hereby give up my right to counsel."

DATE: _____  DEFENDANT'S SIGNATURE: _____

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

I certify that I am the attorney of record for the above defendant.  I waive the 10 days allowed by statute to prepare and elect to proceed today.  I have counseled with the Defendant and have concluded that the Defendant has a rational, as well as factual, understanding of both the charges pending and this proceeding.  Additionally, I have fully explained this waiver to my client and I am satisfied that in each instance the Defendant has voluntarily relinquished a known right and is aware of the consequences of this plea.  I join in the Defendant's waiver of the right of trial by jury.

DATE: June 23, 1995     _____
                        ATTORNEY FOR THE DEFENDANT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The application to waive the Jury is approved and my consent is hereby given and entered of record.  The Court having considered the foregoing plea of the Defendant, it appears to the Court that the Defendant is mentally competent.  The Court having duly admonished the Defendant of the consequences of his plea, the Court accepts the Defendant's plea and hereby approves this Defendant's Affidavit of Admonitions, and orders this plea, jury waiver, and plea bargain filed and entered upon the minutes of this Court.

SIGNED AND ENTERED THIS _____ DAY OF _____ A.D., 19____

_____
JUDGE PRESIDING

Robert Martinez
TDCJ 11> No. 1931397
Lopez State Jail
1203 El Cibolo Rd
Edinburg Tx 78542

Hon. Keith E. Hottle
Clerk of Court
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

KEITH E. HOTTLE, CLERK

2015 JUN 12 AM 11:51

Legal Mail
@June 2015